**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **PATRICK EARL DAVIDSON** | ) | |
| | ) | |
| v. | ) | 3-09-CV-287-D |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice** | ) | |
| **Correctional Institutions Division** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the Connally Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Kenedy, Texas, serving a conviction for the offense of aggravated sexual assault of a child.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Davidson was charged with the offense of aggravated sexual assault of a child under the age of 14 years in three separate indictments returned in Cause Nos. F-04-55081, F-04-55082 and F-04-55083. All three charges were prosecuted in a single trial after he entered a plea of not guilty to each indictment. The jury returned a verdict of guilty in Cause No. F-04-55083, but were unable to reach a unanimous verdict on either of other charges as a result of which the court

declared mistrials.  The jury assessed punishment at a term of life imprisonment and Petitioner effected a direct appeal from that conviction.  On October 25, 2006, the Fifth Court of Appeals at Dallas affirmed his conviction in an unpublished opinion and the Texas Court of Criminal Appeals subsequently refused his petition for discretionary review.  He then filed an application for habeas corpus relief pursuant to art. 11.07, Texas Code of Criminal Procedure, which was denied by the Texas Court of Criminal Appeals on January 14, 2009, without written order on the findings of the trial court without a hearing.  Davidson then filed the present § 2254 petition.

**Findings and Conclusions**: The instant petition is subject to the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which in pertinent part precludes the granting of federal habeas corpus relief unless the adjudication of a claim in a state court proceedings either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  *See* 28 U.S.C. § 2254 (d)(1) and (2).

In the main the grounds presented in Davidson's § 2254 petition constitute claims of ineffective assistance of counsel.  Such claims are adjudicated under the long-established two-prong test set out by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 687 (1984).  Under the first prong a defendant must show that his trial attorney's performance fell below the objective standard of reasonable assistance of counsel as guaranteed by the United States Constitution.  In analyzing an attorney's performance a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and must make every effort to eliminate the distorting effect of hindsight.  Under the second prong of the *Strickland* test a

defendant must establish that his attorney's deficient performance prejudiced him, that is, he must prove that there is a reasonable probability that but for counsel's unprofessional errors the result of the proceeding would have been different. Because a defendant must satisfy both prongs of the *Strickland* test, the failure to establish either prong forecloses relief on a claim of ineffective assistance of counsel.

Davidson first claims that counsel erred in failing to demand that the perjured testimony of a prosecution witness be corrected (Ground One). Respondent contends that merits review of this claim is procedurally barred. Although he points out that the trial court in its conclusions of law stated that Petitioner could and should have raised this issue in his direct appeal, *See* WR 70,737-02, at 247-48, Conclusions of Law, Nos. 1 and 2, the Texas Court of Criminal Appeals has explicitly held that habeas corpus is usually the avenue for asserting claims of ineffective assistance of counsel. *See e.g. Tong v. State,* 25 S.W.3d 707, 714 at n. 10 (Tex.Crim.App. 2000), cert. denied 532 U.S. 1053 (2001) and *Ex Parte White,* 160 S.W.3d 46, 48 at n. 1 (Tex.Crim.App. 2004) *Accord, see United States v. Higdon,* 832 F.2d 312, 314 (5th Cir. 1987) (The "general rule in this circuit is that a claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations.")

Turning to the merits of this ground, Davidson's contention that the State presented perjured testimony is based on a portion of the testimony of Detective Kimberly Mayfield in which she related the procedures typically followed in investigations involving allegations of possible sexual assault on a child. *See* Reporter's Record, Vol. 3 at 26. Specifically he claims that her testimony was deliberately false in relating that the procedures typically followed included a physical

3

examination of the victim child at a medical facility. It is undisputed that the victim of Petitioner's assaults was given a medical examination a week or a week and one-half *after* the assault was initially reported to the police. *See Id.*, Vol. 3 at 146, Testimony of Tangy Bratton. Since the complained of testimony constituted an overview of the investigative techniques used in child abuse cases and *not* the steps taken in Petitioner's case, there was no basis for Davidson's attorney to lodge an objection or move for exclusion of the witness's statement on the basis that it was deliberately false, i.e. perjury. The Sixth Amendment right to counsel does not require an attorney to make futile or baseless objections.

In Ground Two he contends that counsel failed to object to improper questioning by the prosecutor. Specifically he points to the prosecutor's cross-examination in which he asked Davidson whether the victim had lied in her testimony. He does not identify any Texas state cases in which this line of cross-examination has been held to be improper or reversible error. The facts in *Schutz v. State,* 957 S.W.2d 52 (Tex.Crim.App. 1999) are inapposite. In that case the State called an expert who testified that in her opinion the victim's testimony was *not* the product of manipulation or fantasy as compared to Davidson's testimony who was present when the assaults were alleged to have occurred and was thus competent to testify as to whether the assaults had or had not taken place.[1] Moreover, in addressing this ineffective assistance of counsel claim in his art. 11.07 application, the trial court obtained an affidavit from Petitioner's trial attorney. *See* WR 70,737-02 at 258-59. Mr. Turley explained that since the theory of defense was that the victim child was

---

[1] Petitioner cites Fifth Circuit authority which has condemned the practice of forcing a defendant to call prosecution witnesses "liars," *See e.g. United States v. Thomas,* 246 F.3d 438, 439, at n. 1 (5th Cir. 2001). As related in *United States v. Williams,* 343 F.3d 423, 437-438 (5th Cir. 2003), such conduct designated as "improper" is not sufficient to warrant reversal on direct appeal, let alone constituting a basis for granting relief in a habeas corpus proceeding.

4

fabricating everything about the alleged assaults, it was important to have Davidson meet her claims head on by testifying that the victim had lied. The trial court found that the statements in the attorney's affidavit were credible and that Turley exercised reasonable professional judgment in choosing not to object to the prosecutor's cross-examination. *Id.* at 249-50, Findings of Fact Nos. 1 and 2; 251, Conclusions of Law Nos. 5 and 6.

Petitioner next complains of his trial attorney's conduct during the prosecutor's argument in the guilt/innocence phase of the trial (Ground Three). The alleged improper comments of the prosecutor were made in the closing argument which followed that of Mr. Turley's for the Petitioner. *See* Reporter's Record, Vol. 4 at 80-90. However, an examination of this portion of the record does not support his claim that the prosecutor's argument was improper. In addressing this ground the trial court found *inter alia* that "the prosecutor's jury argument was a proper summation of the evidence regarding credibility at trial ... and [was] both a reasonable inference from the evidence ... and a proper response to the argument of [Petitioner's] counsel." *See* WR 70,737-02 at 251, Conclusions of Law No. 6. The trial likewise concluded that his ineffective assistance of counsel claim on this ground was refuted by the record and was without merit. *Id.* at 250, Conclusion of Law No. 2.

In his fourth ground for relief Petitioner claims that his Sixth Amendment right to counsel was violated when the trial court gave further instructions to the jury outside his and his attorney's presence.

Although communications between a judge and jurors outside the presence of a defendant implicate the fundamental rights of a defendant, such communications do not necessarily entitle a habeas petitioner to relief. "Cases involving [such constitutional] deprivations are [therefore]

5

subject to the general rule that remedies should be tailored to the injury suffered." *Rushen v. Spain,* 464 U.S. 114, 118 (1983) citing *United States v. Morrison,* 449 U.S. 361, 364 (1981). In *Rushen* the Court ruled that the complained of communications was harmless and did not prejudice the petitioner.

In the context of Davidson's art. 11.07, the trial court held that consideration of this claim was procedurally barred. *See* WR 70,737-02 at 246. Conclusions of Law Nos. 1 and 2. Given that the Texas Court of Criminal Appeals denied the application on the trial court's findings, merits review in his § 2254 petition is procedurally barred. *See e.g. Coleman v. Thompson,* 501 U.S. 722, 750 (1991).

Alternatively, if this court were to consider this ground on the merits, Davidson is not entitled to relief. In addressing this claim the state habeas judge, who also presided over the criminal trial, made findings of fact and conclusions of law.[2] These findings of fact are presumed to be correct. *See* § 2254(e)(1). Petitioner joins issue on whether he or his counsel were consulted or were present prior to the court's *Allen* charge to the jury. In addressing this assertion the habeas judge applied the presumption of regularity. *See* No. WR 70,737-02 at 246. Conclusion of Law No. 5. Davidson's claim that he was not given an opportunity to object to the *Allen* charge does not constitute "clear and convincing evidence" sufficient to rebut the presumption of correctness. Moreover, even if he and his attorney were not present when the *Allen* charge was issued, the Fifth Court of Appeals at Dallas has held that the mere absence of counsel does not necessarily prejudice the constitutional rights of a defendant. *See Wingfield v. State,* 197 S.W.3d 922, 926-27 (Tex.App.-

---

[2] In addressing the merits of this ground in the alternative the trial court found that no violation of Petitioner's constitutional rights had occurred. No. WR 70,737-02 at 246-47. Conclusions of Law Nos. 4, 6, 7, 8 and 9.

Dallas 2006, no pet.). The United States Supreme Court has not ruled otherwise and the Fifth Court's decision is wholly congruent with the holding in *Rushen v. Spain, supra.*

As his final ground (Ground Five), he claims that his appellate lawyer was deficient in failing to insure that the record on appeal was complete - in failing to insure that the four jury notes were included. These notes are those identified in the trial court's findings in Petitioner's art. 11.07 application. *See* WR 70,737-02, at 245, Findings of Fact Nos. 2, 3 and 4. Since Davidson's federal constitutional rights were not abridged in the manner in which the trial court handled the jury's notes during deliberations, *supra,* he cannot show that he was prejudiced by his appellate attorney's failure to discover that the record didn't include the notes.

**RECOMMENDATION**:

Because Davidson has not demonstrated that the denial of his art. 11.07 application constituted an adjudication under either (1) or (2) of § 2254, *supra*, his petition should be denied and dismissed, and

It is further recommended that his motion to expand the record filed on June 19, 2009, be denied as moot.

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

SIGNED this 10th day of July, 2009.

_Wm. F. Sanderson, Jr._
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

7

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation.  Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a <u>de novo</u> determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.